UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARZEL L. FOSTER,

                Plaintiff,                                  Civil Action No.
                                                      14-11396

vs.

                                                 HON. MARK A. GOLDSMITH

PUBLIC STORAGE INC., et al.,

                Defendants.
_____/

**OPINION AND ORDER (1) VACATING THE ORDER ENTERED ON MAY 14, 2014 (DKT. 10), (2) GRANTING PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES OR COSTS (DKT. 9), and (3) DISMISSING THE CASE WITHOUT PREJUDICE**

The matter is before the Court on the Court's review of the amended complaint (Dkt. 11) and the application to proceed without prepayment of fees or costs (Dkt. 9).  On April 9, 2014, the Court entered an Order (Dkt. 6) noting that the application to proceed without prepayment of fees or costs (Dkt. 2) was not fully completed and that the complaint was only partially legible; the Order stated that the Court was unable "to discern the grounds on which Plaintiff seeks relief or the asserted basis for federal court jurisdiction."  Order at 2.  The Order directed Plaintiff Arzel L. Foster to (i) file a completed application to proceed without prepayment of fees or costs and (ii) file an amended complaint "that is either typed or written clearly and legibly and . . . sets forth the basis for federal court jurisdiction."  Id.  The Court directed Plaintiff to submit these corrected documents on or before May 12, 2014; the Court stated, "If Plaintiff fails to timely submit a corrected complaint that sets forth the basis for federal court jurisdiction, the Court will dismiss the case without prejudice for lack of federal subject-matter jurisdiction under Federal

Rule of Civil Procedure 12(h)(3)."  Order Granting Plaintiff's Motion to Extend (Dkt. 8).

As of May 13, 2014, no amended complaint was entered on the docket.  On May 14, 2014, the Court entered an order (Dkt. 10) dismissing the matter without prejudice for lack of federal subject-matter jurisdiction.  After the Court entered the Order, an amended complaint was filed on the docket (Dkt. 11).  Although the amended complaint was not entered on the docket until May 14, the time stamp on the complaint establishes that it was delivered to the Clerk's Office on May 12, 2014.  Because the amended complaint was timely filed, the Court vacates the Order (Dkt. 10) dismissing the case without prejudice.

The Court turns first to Plaintiff's completed application to proceed without prepayment of fees or costs (Dkt. 9), which was filed on April 28, 2014.  Applications to proceed without prepayment of fees or costs are governed by 28 U.S.C. § 1915(a)(1), which provides that a federal court "may authorize the commencement . . . of any suit, action, or proceeding . . . by a person who submits an affidavit that includes a statement of all assets . . . that the person is unable to pay such fees . . . ."   The Court has reviewed Plaintiff's application, which states that Plaintiff received a total of $2,500 in the last year, that he has no money in bank accounts, and that he has a deferred school loan.  Application at 1-2 (CMECF pagination) (Dkt. 9).  The Court is satisfied that Plaintiff is indigent and that prepayment of the filing fee would cause an undue financial hardship.  The Court grants Plaintiff's application and permits Plaintiff to file his complaint without prepaying the filing fee.

The Court is also required to screen all complaints filed by plaintiffs proceeding without prepayment of fees or costs and dismiss those that (i) are frivolous or malicious, (ii) fail to state a claim upon which relief may be granted, and/or (iii) seek monetary relief against a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2).   To survive dismissal for failure

to state a claim, a complaint must plead sufficient specific factual allegations, and not just legal conclusions, in support of each claim.  Ashcroft v. Iqbal, 556 U.S. 662, 678-679 (2009); Hill v. Lappin, 630 F.3d 468, 470-471 (6th Cir. 2010) (holding that the dismissal standard of Iqbal applies to a Court's review of a complaint under § 1915(e)(2) for failure to state a claim).  A complaint will be dismissed unless, when all well-pled factual allegations are accepted as true, the complaint states a "plausible claim for relief."  Iqbal, 556 U.S. at 679.

The amended complaint (Dkt. 11) states that the Court has jurisdiction over this matter under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., and "supplemental jurisdiction over the state law claims because they arise from the same nucleus of operative facts, RICO Act [sic] . . . ."  Am. Compl. at 2.  The complaint alleges that Plaintiff stored property, such as furniture and stereo equipment, in storage units provided by Defendant Public Storage, Inc. Id. at 2-3.  Plaintiff asserts that he was not allowed inside his storage unit to check on his property.  Id. at 2.  He claims that Defendant has been stealing his property "under conversion" and that his property was being auctioned off.  Id. at 3.  Although the assertions in the complaint are not a model of clarity, it appears that Plaintiff fell behind on rental payments for the storage units.  Id. at 4-5.  The complaint brings claims of "[c]ivil conspiracy to Fraud, RICO, conversion and specific performance."  Id. at 6.

The complaint invokes two federal statutes that Plaintiff claims Defendants violated: the FDCPA and the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 et seq.  The Court concludes that the amended complaint fails to state a claim of violation of either statute.

First, Plaintiff has not shown that the FDCPA is applicable, because Plaintiff does not allege that Defendant is a "debt collector" within the meaning of the statute.  The FDCPA

prohibits debt collectors from taking certain actions in connection with the collection of a debt.[1] A "debt collector" is defined as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."   15 U.S.C. § 1692a(6).   As a general matter, a creditor attempting to collect its own debts is not a "debt collector" under the FDCPA.   Montgomery v. Huntington Bank, 346 F.3d 693, 699 (6th Cir. 2003).   The amended complaint does not allege any facts indicating that Defendant may be a "debt collector" within the meaning of the FDCPA; accordingly, the Court will dismiss the FDCPA claim under 28 U.S.C. § 1915(e)(2) for failure to state a claim.

Second, the amended complaint does not allege any elements of a civil RICO claim.   The civil remedies section of RICO, 18 U.S.C. § 1964(c), provides in part, "Any person injured in his business or property by reason of a violation of section 1962 of this chapter may sue therefor in any appropriate United States district court . . . ."   To demonstrate a violation of § 1962, Plaintiff must show Defendant engaged in "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity."   Sedima, S.P.R.L. v. Imrex Co., Inc., 473 U.S. 479, 496 (1985). "Racketeering activity" is defined as "any act which is indictable under [enumerated federal statutes]."   18 U.S.C. § 1961(1)(B).   The amended complaint does not assert, or attempt to establish, any of the elements of a civil RICO claim.   The Court, therefore, will dismiss the RICO claim under 28 U.S.C. § 1915(e)(2) for failure to state a claim.   See, e.g., Otworth v.

---

[1] For example, 15 U.S.C. § 1692d prohibits a debt collector from "engag[ing] in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of debt."   See also 15 U.S.C. § 1692e (prohibiting a debt collector from "us[ing] any false, deceptive, or misleading representation or means in connection with the collection of any debt").

Williams, Hughes & Cook, PLLC, No. 11-206, 2011 WL 1542114, at *2 (W.D. Mich. Apr. 21, 2011) (dismissing a complaint under § 1915(e)(2) and noting that the plaintiff's "bare reference to the RICO statute is insufficient to state a claim").

The Court, therefore, dismisses without prejudice the claims of violations of the FDCPA and RICO under § 1915(e)(2). See, e.g., Gill v. Englehardt, No. 14-10538, 2014 WL 1608698, at *3 (E.D. Mich. Apr. 22, 2014) (dismissing a complaint without prejudice under 28 U.S.C. § 1915(e)(2)). The remaining claims in the amended complaint are state-law claims of fraud and conversion. The Court declines to exercise supplemental jurisdiction over the state-law claims. See 28 U.S.C. § 1367(c)(3) ("The district court may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction."). Accordingly, the state-law claims are dismissed without prejudice.

SO ORDERED.

Dated:  May 22, 2014                               s/Mark A. Goldsmith
            Flint, Michigan                              MARK A. GOLDSMITH
                                                               United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 22, 2014.

s/Deborah J. Goltz
DEBORAH J. GOLTZ
Case Manager